KNIGHTSTOWN LAKE PROPERTY OWNERS ASSOCIATION, INC. AND ITS SUCCESSORS, HEIRS AND ASSIGNS. ALL UNKNOWN PERSONS CLAIMING ANY INTEREST IN THE REAL ESTATE DESCRIBED HEREIN. PIONEER VILLAGE LOT OWNERS ASSOCIATION, INCORPORATION
*v.* THE BIG BLUE RIVER CONSERVANCY DISTRICT

[No. 1-1277A310. Filed December 11, 1978. Rehearing denied January 16, 1979. Transfer denied April 27, 1979.]

*Nathan Fogle,* of Indianapolis, for appellants.

*R. Scott Hayes, Scotten & Hinshaw, H. Terrill Harvey, Millikan, Hodson & Harvey,* of New Castle, for appellee.

LYBROOK, P.J.— This action arises out of a complaint for condemnation filed by the appellee, Big Blue Conservancy District (Big Blue) on March 19, 1974, pursuant to IND. CODE § 19-3-2-61(e) and § 32-11-1-2. Big Blue brought this action against the owners of record of certain real property in Henry County, Indiana: the Knightstown Lake Property Owners Association, Inc., and its successors, heirs and assigns (hereinafter collectively referred to as Knightstown), all unknown persons claiming any interest in this real estate, and the Pioneer Village Lot Owners Association (Pioneer) by virtue of its payment of property taxes on the real estate which was the subject of this action. Big Blue sought condemnation of the real estate and vesting of title and possession of the property in Big Blue, as well as the appointment of three freeholders to assess the benefits and damages, if any, to which the owners are entitled as a result of the appropriation of the property.

Knightstown and Pioneer answered the complaint,[1] and appraisers were subsequently appointed. Knightstown and Pioneer took exception to the appraisers' report which was filed with the Henry Circuit Court.

Trial was commenced on July 19, 1976, and, by agreement of the parties, was tried separately on the issue of ownership of the real estate and the issue of damages, pursuant to Indiana Rules of Procedure, Trial Rule 42(B).

The trial court issued the following findings and judgment on May 24, 1977, omitting caption and formal parts:

"Comes now the Court, and this cause, by agreement and stipulation of the parties, and pursuant to TR. 42(B), and pursuant to the terms of the pre-trial order heretofore entered in this cause, having been submitted to the Court, without the intervention of a jury, for trial, finding, and judgment upon the separate issues of the ownership of the real estate which is the subject of this action, and

---

1. Henry O. Sitler, an attorney, also filed an appearance on behalf of himself as an owner of property in the Knightstown Lake Addition and on behalf of other owners of property in the addition.

of the standing of the various parties, and of the right to participate or share in the proceeds from the award of damages in this cause, and the Court, having heard the evidence, and argument of counsel, and having read and examined the briefs filed herein, and being duly and sufficiently advised in the premises, now finds as follows:

1. That on September 5, 1924, Warren Smadbeck, the person who developed and platted the Knightstown Lake Addition located in Wayne and Spiceland Townships, Henry County, Indiana, and Madeline Smadbeck, his wife, by quit-claim deed, conveyed to Charles E. Coffin, as Trustee, referred to as the party of the second part, the following real estate in Henry County, Indiana, to-wit:

All the streets, avenues, drives, roads, alleys, walls, ways, and right of way, subject to the rights of the public in and to the same by virtue of the recording of certain maps shown and designated as Knightstown Lake as hereinafter specifically described. And for the exclusive use of the lot owners all the lands not shown and numbered as lots, lakes, lake beds, shores, landings and contiguous ways, and walls, abutments dams banks spillways, outlets inlets and races, holding controlling and regulating such lakes, streams brooks pools ponds and beds underlying same, and also banks shores and ways contiguous thereto, Parks club houses (subject to the rights of the Knightstown Golf and Country Club to use the said club house for its members) bath houses shelter houses or any other outhouses, bridges, crossings and fords fountains, drinking fountains, wells and other water supply and all natural resources under or over said lands hereby conveyed, trolley stations platforms and crossing and all rights of ingress and egress to and from such stations and platforms. All the above as specifically shown included and lying within certain maps numbered 1-2-3-4- of an addition known as Knightstown Lake located in Wayne and Spiceland townships, Henry County, Indiana, as the same is shown in certain maps prepared by W. J. Kauffman, C.E. and recorded in the office of the recorder of Henry County, Indiana, in Plat Book especially designated as Knightstown Lake.

All lots with appurtenances are expressly excepted.

This conveyance is made upon the conditions that the streets avenues roads, drives and walks are to remain open as shown upon said maps and that the parks lakes brooks creeks, trolley stations rights of way club houses and all other buildings as above set forth

and all other rights and privileges which are specified or implied above shall remain open and unimpaired; and nothing herein shall be construed to limit in any manner the rights of the lot owners, and no buildings of any kind shall be constructed on the parks, ways, land lakes or any other territory covered by this conveyance which shall be objectionable to the said lot owners.

Said deed was duly recorded in the Office of the Recorder of Henry County, Indiana, on April 14, 1925, in Deed Record 103, pp. 482-483.

2. Said deed from Smadbecks to Coffin, Trustee, aforesaid, also contained the following provisions:

AS AND WHEN the inhabitants and lot owners of said Knightstown Lake shall organize a corporation to take over and maintain the roads, streets, avenues, drives, parks and lakes herein mentioned, the said party of the second part will quit claim and remise to the said corporation who shall then hold the same for the public purposes herein mentioned and subject to the restrictions herein contained.

AND the said corporation shall and will as and when the said Knightstown Lake shall become incorporated as a municipal corporations upon the demand and request of the duly constituted authorities of the said municipal corporation convey said roads streets avenues drives parks and lakes to the said Municipal corporation for the use and benefit of the said municipal corporation subject to the restrictions herein contained.

3. That the real estate which is the subject of this action in condemnation is part of the real estate conveyed by the said deed from Smadbecks to Coffin, Trustee.

4. That Knightstown Lake Property Owners Association was organized as a voluntary association not-for-profit, on or about September 17, 1924, and the Articles of Association were recorded in the Office of the Recorder of Henry County in Miscellaneous Record 15, Page 473.

5. That on October 24, 1924, Charles E. Coffin, as Trustee, by quit claim deed, conveyed to Knightstown Lake Property Owners Association the same real estate which was previously conveyed by Smadbecks to Coffin, Trustee, as set forth in the Court's finding No. 1, which deed from Coffin, Trustee, to Knightstown Lake Property Owners Association, dated October 24, 1924, contained the same provisions as the deed from Smadbecks to Coffin, and

was duly recorded in the Office of the Recorder of Henry County on April 14, 1925, in Deed Record 103, page 483.

6. That on May 23, 1932, the said Charles E. Coffin, Trustee, by quit claim deed, conveyed to Knightstown Lake Property Owners Association, Incorporated, the following real estate in Henry County, Indiana, to-wit:

All the streets, avenues, drives, roads, alleys, walks, ways and rights of way, subject to the rights of the public in and to the same by virtue of the recording of certain maps shown and designated as "Knightstown Lake", as hereinafter specifically described; and for the exclusive use of the lot owners, all lakes, lake beds, shores, landings and contiguous ways; and walls, abutments, dams, banks spillways, outlets, inlets and races, holding, controlling and regulating such lakes; streams, brooks, pools, ponds and beds underlying same; and also banks, shores and ways contiguous thereto; parks, club houses, (subject to the rights of the Knightstown Golf and Country Club to use the said club house for its members), bath houses, shelter houses, or any other outhouse or outhouses; bridges, crossings, and fords; fountains, drinking fountains, wells and other water supply; and all natural resources under or over said lands hereby conveyed; trolley stations, platforms, and crossings, and all rights of ingress or egress to and from such stations and platforms.

All the above as specifically shown, included and lying within certain maps number '1', '2', '3', and '4' of an addition known as 'KNIGHTSTOWN LAKE', located in Wayne and Spiceland Township, Henry County, Indiana, as the same is in certain maps prepared by W.L. Kauffman, C.E., and recorded in the Office of the recorder of Henry County, Indiana, in Plat Book especially designated as 'Knightstown Lake.'

All lots are expressly excepted.

This conveyance is made upon the condition that the streets, avenues, roads, drives and walks are to remain open as shown upon said maps and that the parks, lakes, brooks, creeks, trolley stations, rights of way, club houses and all other buildings as above set forth and all other rights and privileges which are specified or implied above, shall remain open and unimpaired; and nothing herein shall be construed [sic] to limit in any manner the rights of the lot owners;

and no buildings of any kind shall be construed [sic] on the parks ways, land, lakes or any other territory covered by this conveyance which shall be objectionable to the said lot owners.

It being the intent and purpose of this conveyance to convey all lands on the platted additions herein mentioned and described, except the platted lots thereof, which deed was duly recorded in the Office of the Recorder of Henry County, Indiana, on May 25, 1932, in Deed Record 113, page 382.

7. That neither Knightstown Lake Property Owners Association nor the Knightstown Lake subdivision ever became a municipal corporation.

8. That the conveyance of the streets and public lands to the Knightstown Lake Property Owners Association by the deeds heretofore referred to, was for the use and benefit of all of the owners of lots or real estate within the plat of the Knightstown Lake subdivision.

9. That the defendant Pioneer Village Lot Owners Association, Inc. claims to be the successor corporation to Knightstown Lake Property Owners Association, Inc. by reason of a purported merger and Articles of Merger filed with the Secretary of State of Indiana on August 19, 1976, and recorded March 28, 1977, in Miscellaneous Record 67, pp. 71-79, in the Officer of the Recorder of Henry County, or by a de facto merger occurring in 1965.

10. That there has never been any proper, legal, and valid merger of Knightstown Lake Property Owners Association, Inc., and Pioneer Owners Association, Inc., nor has there been any de facto merger of said corporations.

11. That none of the real estate which is the subject of this action has ever been conveyed by the owner or owners thereof to Pioneer Village Lot Owners Association, Inc. Further, Pioneer Village Lot Owners Association, Inc. is not the successor corporation of Knightstown Lake Property Owners Association, Inc., and Pioneer Village Lot Owners Association, Inc. has no interest or standing in this action, and is not entitled to participate in, or to

receive any share of the proceeds derived from this action or to the award of damages herein.

12.  That the members of Knightstown Lake Property Owners Association, Inc., are all of the owners of lots within the Knightstown Lake subdivision, and that title to the real estate which is the subject of this action is held by the defendant Knightstown Lake Property Owners Association for the use and benefit of all of the owners of lots within said Knightstown Lake subdivision.

13.  That Pioneer Village Lot Owners Association, Inc. was incorporated on August 24, 1965, as shown by Articles of Incorporation filed on that date with the Secretary of State of Indiana, which were recorded in the Office of the Recorder of Henry County, Indiana, on January 2, 1974. That Pioneer Village Lot Owners Association, Inc. has paid taxes on the real estate involved in this action since sometime after its incorporation and through May 10, 1976, and is entitled to be reimbursed for the payment of such taxes as it has paid on the real estate subject to this action.

THEREFORE, IT IS CONSIDERED, ORDERED, AND ADJUDGED by the Court that the owner or owners of the real estate which is the subject of this action, and is described in the plaintiff's complaint, is Knightstown Lake Property Owners Association, Inc., which corporation holds title to said real estate for the use and benefit of all of the lot owners within the subdivision known as Knightstown Lake and situated in Wayne and Spiceland Townships in Henry County, Indiana.

IT IS FURTHER CONSIDERED, ORDERED, AND ADJUDGED by the Court that the members of the Knightstown Lake Property Owners Association are all of the owners of lots within said Knightstown Lake subdivision.

IT IS FURTHER CONSIDERED, ORDERED, AND ADJUDGED by the Court that there has been no valid and legal merger of Knightstown Lake Property Owners Association, Inc., and Pioneer Village Lot Owners Association, Inc., and that there has not been a de facto merger between said corporation, and that Pioneer Village Lot Owners Association, Inc., is not the successor corporation to Knightstown Lake Property Owners Association,

Inc., and that Pioneer Village Lot Owners Association, Inc., does not own, hold title to, or have any interest in the real estate which is the subject of this action.

IT IS FURTHER CONSIDERED, ORDERED, AND ADJUDGED by the Court that Pioneer Village Lot Owners Association, Inc., has no standing in this action, and is not entitled to participate in the proceeds derived from this action, or to any share in the award of damages herein, except to reimbursement for taxes paid on the subject real estate.

ALL OF WHICH IS CONSIDERED, ORDERED, AND ADJUDGED by the Court this 24th day of May 1977.

/s/ Wesley W. Ratliff, Jr.
Wesley W. Ratliff, Jr.
Judge, Henry Circuit Court"

The appellants filed their Motion to Correct Errors on July 19, which was overruled by the trial court on September 27, 1977, and a praecipe was duly filed.

The appellants assert that the decision of the trial court was contrary to law in finding that:

(1) There was no proper, legal and valid merger between Knightstown and Pioneer.

(2) That Pioneer was not the successor corporation to Knightstown, nor had Pioneer assumed Knightstown's interest in the real estate which is the subject of this action.

(3) That the only interest Pioneer had in the real estate was limited to the real estate taxes it had paid on the property.

(4) That the membership in Knightstown consisted of all owners of lots within the Knightstown Lake subdivision.

It is well established that this court will not reweigh conflicting evidence on appeal. We consider only that evidence which tends to support the trial court's findings of facts, conclusions of law, and judgment, together with all the reasonable inferences which may be drawn therefrom, and if, from that perspective, there is sufficient evidence to support the trial court's judgment, we must affirm. *Peters v. Davidson, Inc.* (1977), 172 Ind.App. 39, 359 N.E.2d 556.

The real estate involved in this action consists of portions of streets, lakes, landings, spillways, streams, park areas, and common ground which is shown by the Plat of the Knightstown Lake Addition in Henry County, Indiana, and does not contain any lots in the addition. This real estate was last conveyed on May 23, 1932, to Knightstown, subject to the condition that such real estate be used for the benefit of all lot owners in the addition.

The general rule holds that record title is the highest evidence of ownership and is not easily defeated. *Scoville v. Hawkins* (1959), 129 Ind.App. 607, 159 N.E.2d 307; *Matthews v. Adoniram Grand Lodge of Perfection* (1958), 129 Ind.App. 395, 154 N.E.2d 806. It is clearly the law that a party asserting a title has the burden of establishing it; and one claiming to own an equitable title has the burden of showing such ownership. *Aircraft Acceptance Corporation v. Jolly* (1967), 141 Ind.App. 515, 230 N.E.2d 446, citing 73 C.J.S. *Property* § 17, at page 213.

Further, we find the recitation at 63 Am. Jur.2d *Property* § 21 (1972) that:

> "The burden of proving title or ownership of real property is upon the party alleging it. Likewise, the burden of rebutting a prima facie showing of title rests upon the party attacking the title shown." (Footnotes omitted.)

It is therefore incumbent upon Pioneer as the party asserting an ownership interest which conflicts with the record title of the real estate in question (which rests in Knightstown) to prove such interest prior to availing itself of the right to damages for the appropriation of the land by Big Blue.

Appellants first assert that the trial court erred in finding that there was no proper, legal and valid merger between Knightstown and Pioneer.

Knightstown was incorporated as a not-for-profit corporation on September 17, 1924, and apparently operated as such until 1932, during which time it acquired title to the real estate in question. There is no documentary evidence in the record to show the operation of Knightstown in any corporate capacity from 1932 until 1965, with the

exception of real property tax statements which were paid in the name of Knightstown until 1965 and were paid by Pioneer from 1965 until the time of trial.

Pioneer incorporated as a not-for-profit corporation on August 24, 1965. It is appellants' contention that immediately thereafter a "de facto" merger occurred between Knightstown and Pioneer with Pioneer becoming a successor in interest to all the property and interests of Knightstown, as evidenced by Pioneer's paying the property taxes on the property held in the name of Knightstown.

While it is the law in Indiana that following a merger, the surviving corporation succeeds to all the rights, powers, liabilities and obligations of the merging corporation, *Peters v. Davidson* (1977), 172 Ind.App. 39, 359 N.E.2d 556, it is also the law that the right to merge and the procedure governing such action by two not-for-profit corporations is governed by statute.

As this court said in *Bajdek v. Board of Trustees, etc.* (1961), 132 Ind.App. 116, 173 N.E.2d 61:

> "Thus it clearly appears that when any organization derives its being under the corporation not for profit act, it subjects itself to all the provisions of the same and avails itself of the privilege status conferred while likewise subjecting itself to such limitations and restrictions as is [sic] provided by the statutes enacted by the Legislature."

In 1965, the statutes which governed the merger of two not-for-profit corporations were Burns Ind. Ann. Stats. §§ 25-543,[2] 25-544,[3] 25-546[4] through 25-548,[5] and 25-551.[6] The record of proceedings is totally devoid of any documentary evidence that the membership of Knightstown and Pioneer followed the statutory requirements to effect a merger of their organizations in 1965.

---

2. Acts 1935, ch. 157, § 39, as added by Acts 1947, ch. 88, § 1, p. 263; 1963, ch. 352, § 1, p. 898.

3. Acts 1935, ch. 157, § 40, as added by Acts 1947, ch. 88, § 2, p. 263.
4. Acts 1935, ch. 157, § 42, as added by Acts 1947, ch. 88, § 4, p. 263.
5. Acts 1935, ch. 157, § 43, as added by Acts 1947, ch. 88, § 5, p. 263.
6. Acts 1935, ch. 157, § 47, as added by Acts 1959, ch. 385, § 6, p. 1060.

In August of 1976, over two years after the commencement of this action, an attempt was made by the officers and directors of Pioneer, who claimed to be the duly elected officers and directors of Knightstown, to effect a statutory merger in compliance with the provisions of Ind. Code 23-7-1.1-41 through 23-7-1.1-47.

At the outset, we note that there is no evidence presented that Knightstown engaged in any corporate activity between 1932 and 1965, when the first "merger" was attempted between these two groups. Knightstown failed to comply with any of the statutory provisions governing either general corporations or not-for-profit corporations in Indiana.

Without burdening this opinion with a recitation of the provisions of the Indiana Not-For-Profit Corporation Act, we must hold that the attempted merger in 1976 also failed. Appellants have failed to establish that the activities of the five persons named in the various documents before the trial court were sanctioned by law. There is no evidence that the officers and directors were duly elected, nor that the total membership was notified in writing of the meetings which were held. There is no documentary evidence of the membership of either organization and in fact, no statement of qualifications for membership has been advanced. There is no indication that annual meetings were held, nor that elections of officers and directors took place as required by statute. This court and the trial court were not given any annual reports save a "composite" report from 1971 to 1975 of Knightstown's activities, nor any minutes or other records of the corporation.

From the foregoing, we hold that the attempted merger must fail where the participating organizations have failed to demonstrate compliance with the provisions of the Indiana Not-For-Profit Corporations Act through which they seek to benefit.

Pioneer has failed to establish itself to be the successor corporation under a lawful and valid merger with Knightstown, and is therefore without interest in the real property sought to be condemned in this action by Big Blue. The trial court correctly held that the only interest which Pioneer might claim in this action was limited to the real estate taxes it paid on the property from 1965 until the time of trial.

We note, however, without comment the language of 27 I.L.E., *Taxation* § 163 (1960) which states:

"The payment of taxes by a stranger, a mere volunteer, cannot be made the foundation of any right or claim on the part of such person. Thus a volunteer who in error pays the taxes of another without the knowledge of or request by, such other cannot recover the amount so paid from the one liable for the taxes even though such person has benefited by the payment." (Footnotes omitted.) Citing *Federal Land Bank of Louisville v. Dorman* (1942), 112 Ind.App. 111, 41 N.E.2d 661.

Finally, appellants argue that the trial court erred in finding that the membership of the Knightstown Lake Property Owners Association consisted of all owners of lots within the Knightstown Lake subdivision.

The last recorded conveyance of the real estate which is the subject of the eminent domain proceedings below, contained the following language:

"This conveyance is made upon the conditions that the streets, avenues, roads, drives and walks are to remain open as shown upon said maps and that the parks, lakes, brooks, creeks, trolley stations, rights of way, club houses and all other buildings as above set forth and all other rights and privileges which are specified or implied above, shall remain open and unimpaired; *and nothing herein shall be construed [sic] to limit in any manner the rights of the lot owners,* and no buildings of any kind shall be construed [sic] on the parks ways, land, lakes or any other territory covered by this conveyance which *shall be objectionable to the said lot owners.*" (Emphasis added.)

This real estate was conveyed by the original platters of the real estate to Charles Coffin, as Trustee, the grantor in the last conveyance referred to above, which deed contained the following language:

"AS AND WHEN the inhabitants and lot owners of said Knightstown Lake shall organize a corporation to take over and maintain the roads, streets, avenues, drives, parks and lakes herein mentioned, the said party of the second part will quit claim and remise to the said corporation *who shall then hold the same for the public purposes* herein mentioned and subject to the restrictions herein contained.

AND the said corporation shall and will as and when the said Knightstown Lake shall become incorporated as a municipal corporation upon the demand and request of the duly constituted

authorities of the said Municipal corporation convey said roads streets avenues drives parks and lakes to the said municipal corporation for the use and benefit of the said municipal corporation subject to the restrictions herein contained." (Emphasis added; punctuation original.)

From the language cited above it is clear that the intention of the grantors was to set aside certain areas for the benefit of all the lot owners in the Knightstown Lake subdivision. Since the municipal corporation anticipated in the first conveyance did not come into existence and the corporation (Knightstown) which received the real estate in the second conveyance, ceased to function some time subsequent to 1932, we think that the beneficial ownership of the real estate was intended to be in the lot owners of the Knightstown Lake subdivision. The finding by the trial court that the proceeds from any condemnation award should inure to the benefits of the lot owners is therefore not contrary to law.

Having found no error in the findings and conclusions of the trial court, we affirm the judgment in all respects.

Affirmed.

Lowdermilk and Robertson, JJ., concur.

NOTE—Reported at 383 N.E.2d 361.