Rollin D. SWANSON, et al.

v.

FUTURES UNLIMITED, INC., et al.

v.

Richard R. DeCAMP, Receiver For Futures Unlimited, Inc., Cross-Complainant, Appellant,

v.

Edward SNAPP and Ann Paskins, Cross-Defendants, Appellees.

No. 3–983A287.

Court of Appeals of Indiana, Third District.

Dec. 20, 1983.

David M. Wright, Wright, DeCamp & Wright, Fort Wayne, for appellant Richard R. DeCamp, Receiver.

James L. Larson, Fort Wayne, for appellees Edward Snapp and Ann Paskins.

STATON, Judge.

Rollin Swanson and Wayne Bull sued Futures Unlimited, Inc. (Futures) and Edward Snapp, alleging that they loaned $25,-000 and $5,000 respectively to Futures in exchange for shares of stock in Futures and repayment of the principal amount of the loans within one year. Swanson and Bull also alleged that they believed that Snapp, who was the majority shareholder and president of Futures, intended to dissipate the assets of Futures in order to avoid repayment of the loans. Upon the request of Swanson and Bull, a receiver was appointed and given full control of Futures.

Futures, by its receiver, filed a cross-claim against Snapp and Ann Paskins, who also owned stock in Futures, alleging that their operation of another physical therapy clinic constitutes a breach of a fiduciary duty which harms Futures. This cross-claim seeks to enjoin Snapp and Paskins from conducting further business in competition with Futures. Futures appeals from the denial of its request for a preliminary injunction; it contends that the conduct of Snapp and Paskins constitutes a breach of a fiduciary duty sufficient to warrant the granting of a preliminary injunction.

Affirmed.

The only evidence presented at the hearing was the testimony of Snapp. He testified that Futures began doing business in early May, 1982. Snapp, Paskins, Bull, and Swanson were the only stockholders of the corporation, and all four were also officers and directors of the corporation. On June 27, 1983, the four stockholders met and agreed to close Futures effective June 30,

1983. On July 6, 1983, Snapp opened another physical therapy clinic. Bull and Swanson have no involvement in Snapp's new clinic. Futures has not been dissolved.

Futures appeals the denial of a request for a preliminary injunction. The grant or denial of a preliminary injunction request rests within the sound discretion of the trial court. *Peters v. Davidson, Inc.* (1977), 172 Ind.App. 39, 359 N.E.2d 556. The decision of the trial court will be disturbed only if it is shown to be clearly against the logic and effect of the facts and circumstances of the case. *Rees v. Panhandle Eastern Pipeline Co.* (1978), 176 Ind.App. 597, 377 N.E.2d 640, 645.

In the case at bar, Futures correctly points out that: (1) shareholders in a closely held corporation stand in a fiduciary relationship to one another; and (2) a fiduciary cannot compete for business or clients which in equity and fairness belong to the corporation. *Hartung v. Architects Hartung/Odle/Burke, Inc.* (1973), 157 Ind. App. 546, 301 N.E.2d 240. Unfortunately, Futures makes no effort to explain how the trial court's denial of its request for a preliminary injunction constitutes an abuse of discretion.

Generally, factors which should be considered in determining whether to grant a party's request for a preliminary injunction include: (1) whether the injunction will serve to preserve the status quo; (2) whether there exists an adequate remedy at law; (3) whether the denial of the request will result in irreparable harm to the plaintiff; (4) whether granting the request would cause harm to the defendant; and (5) whether there is a public interest involved, and how it would be affected by an injunction. *See Rees v. Panhandle Eastern Pipe Line Co., supra.* The trial court correctly noted that Futures made no showing that without an injunction it would suffer irreparable damage, or its remedy at law is inadequate. Futures has failed to demonstrate, and we fail to see, how the denial of Futures' request for a preliminary injunction constitutes an abuse of discretion.

Therefore, the decision of the trial court must be affirmed.

Affirmed.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs in result.