**In re the Marriage of Edward KENNEDY, Appellant– Respondent,**

v.

**Kathleen KENNEDY, Appellee– Petitioner.**

**No. 53A01–9303–CV–74.**

Court of Appeals of Indiana, First District.

June 28, 1993.

Transfer Denied Sept. 15, 1993.

---

William F. Thompson, Indianapolis, for appellant-respondent.

Andrew C. Mallor, Mallor Clendening Grodner & Bohrer, Bloomington, for appellee-petitioner.

BAKER, Judge.

Respondent-appellant Edward Kennedy brings this interlocutory appeal from the entry of a preliminary injunction enjoining the use of his pension benefits. Edward's appeal raises the following four issues:

I. What is the effect of the trial court's failure to enter special findings contemporaneously with the issuance of its preliminary injunction?

II. May sufficient evidence support the issuance of a preliminary injunction in the absence of oral testimony?

III. May pension benefits be the subject of a preliminary injunction?

IV. Did the trial court abuse its discretion by not requiring Kathleen to post security?

## FACTS

Edward's and Kathleen's marriage was dissolved on January 26, 1989. Among other things, the dissolution decree entitled Kathleen to $1,000 per month from Edward's pension and retirement benefits if and when Edward retired from U.S. Air. Upon his retirement in late 1991, Edward began paying Kathleen $1,000 monthly.

For reasons that are not entirely clear to us, Kathleen came to believe Edward had either misrepresented or failed to disclose the true value of his pension and retirement benefits. On October 10, 1991, she filed a verified petition seeking to set aside the dissolution decree. An amended petition added an allegation of undue influence.

A period of extensive and largely unsuccessful discovery followed, during which both sides fired motions to compel, motions to quash, motions for sanctions, and motions for attorney fees at one another. On December 15, 1992, Kathleen moved for a preliminary injunction enjoining Edward from dissipating his U.S. Air pension pending resolution of her allegations of fraud. On December 21, 1992, the trial court held a hearing addressing many of the above-mentioned motions. No witness testified.

On January 4, 1993, the trial court issued the following injunction:

The Court hereby grants Petitioner's Motion for Preliminary Injunction enjoining Respondent, his agents, servants, employees, and attorneys and all other persons in active concert and participation with him, pending the final hearing and determination in this action to set aside the decrees [sic] of dissolution of marriage, from removing, transferring or disposing in any way any pension and retirement benefits Respondent has re-

ceived, or is entitled to receive to preserve such benefits. The Court finds this order necessary to avoid any possibility of irreparable loss or damage to Petitioner.

*Record* at 311–12. When issued, the preliminary injunction was not accompanied by special findings. Edward appeals.

## DISCUSSION AND DECISION

### Standard of Review

■■■ The decision to grant or deny a motion for a preliminary injunction lies within the trial court's sound discretion, *Fumo v. Medical Group of Michigan City, Inc.* (1992), Ind.App., 590 N.E.2d 1103, 1107, *trans. denied,* and is determined by examining the following factors:

— whether the plaintiff's remedies at law are inadequate, causing irreparable harm pending resolution of the substantive action;

— whether the plaintiff has at least a reasonable likelihood of success on the merits;

— whether the plaintiff's threatened injury outweighs the potential harm to the defendant resulting from the granting of the injunction; and

— whether the public interest will be disserved.

*Id.* at 1108. Ind. Trial Rule 52(A) and Ind. Trial Rule 65(D) require a trial court to enter special findings of fact when it issues a preliminary injunction.

■■■ Our review of the grant or denial is limited to whether the trial court abused its discretion. *Fumo, supra,* at 1107. We will not weigh evidence or resolve factual controversies. *Id.* Instead, we look to the special findings of fact to see whether they "validly support the [trial] court's decision." *Id.* at 1107–08. Findings will not be set aside unless they are "clearly erroneous," meaning both "insufficient to disclose a valid basis for the legal result reached in judgment" and "unsupported by evidence of probative value." *Id.* at 1108. We review the overall sufficiency of the evidence as a matter of law. *Id.* at 1107.

## Special Findings

Edward initially argues the preliminary injunction should be dissolved due to the trial court's failure to enter special findings under T.R. 52 and T.R. 65. It is true the trial court did not enter special findings when it issued the preliminary injunction at issue. It did, however, enter special findings two months later, on March 8, 1993.

██ Special findings are meant to provide a reviewing court with the bases upon which the decision to grant injunctive relief rests. *Hatcher v. Graddick* (1987), Ind. App., 509 N.E.2d 258, 259. When the necessary findings are lacking, in the interest of judicial economy we may remand to the trial court with instructions to enter the appropriate findings. *Salk v. Weinraub* (1979), 271 Ind. 115, 121, 390 N.E.2d 995, 999 (review of administrative agency's decision). Because the trial court ultimately entered the required findings, there is no point in remanding for their re-entry. The findings have been certified and appear in the supplemental record. We think the wisest course is to consider them as if they had been entered contemporaneously with the preliminary injunction. We decline Edward's request to dissolve the preliminary injunction for lack of findings.

## Sufficiency

██ Edward claims there is no evidence upon which the trial court could justify the imposition of a preliminary injunction against him. He claims he has no intention of dissipating the pension fund and that Kathleen did not establish that she would suffer irreparable harm if the injunction were not granted.

After reciting the course of proceedings, the trial court entered the following findings, among others:

— [Edward] has refused to divulge the amount and location of the [pension and retirement] Funds.

— [Edward] adamantly maintains that he has the right to dispose of all the Funds at any time without consulting with [Kathleen] or this Court.

— A delay in the final determination in this action would allow [Edward] sufficient time to dispose of the Funds prior to a ruling by this Court on the underlying claim.

— [Edward] made no allegations of and provided no evidence that he would incur or suffer any costs or damages if it were subsequently determined that he had been wrongfully enjoined or restrained.

— Unless restrained by this court [Edward] may perform the acts stated.

*Supplemental Record* at 44–45. The trial court then expressly concluded that 1) Kathleen was threatened with irreparable injury, loss, and damage, 2) she had no adequate remedy at law, 3) granting injunctive relief would not disserve the public interest, 4) the injunction was necessary to preserve the status quo until the allegations of fraud could be resolved, and 5) the comparative harms both in granting and refusing to grant the injunction weighed in Kathleen's favor. *Supplemental Record* at 45.

 We agree injunctive relief is improper when the applicant cannot demonstrate the present existence of an actual threat that the action sought to be enjoined will come about. *Adams et al. v. City of Fort Wayne* (1981), Ind.App., 423 N.E.2d 647, 651. Injunctive relief is not to be used simply to eliminate a possibility of a remote future injury. *Id.* Although it is true that neither Kathleen nor Edward testified at the hearing, we are not convinced that as a result a fatal lack of proof necessarily exists. We know of no rule, and Edward cites none, which requires a trial court considering a motion for preliminary injunction to rely solely on oral testimony and not on pleadings, depositions, responses to discovery, and the like. Indeed, in *Adams, supra,* cited by Edward, this court looked solely to the plaintiffs' complaint when considering whether the plaintiffs established the present existence of an actual threat. In *The Indiana Annual Conference Corporation et al. v. Lemon* (1956), 235 Ind. 163, 167, 131 N.E.2d 780, 782, our supreme court noted it was "not necessary that a

case should be made that would entitle plaintiff to [preliminary injunction] relief in all events. It is necessary only that the pleadings and evidence be such that it makes out a case for proper investigation...." In *Peters et al. v. Davidson, Inc.* (1977), 172 Ind.App. 39, 46, 359 N.E.2d 556, 561, this court, "after reviewing the entire record," concluded the movant sufficiently demonstrated the need for injunctive relief.

Here, the parties' pleadings and especially their discovery requests and responses thereto (or lack thereto) provided the trial court with the foundation needed to grant injunctive relief. The parties' battle was and continues to be pitched; Edward has been especially adamant that Kathleen is not entitled to more than the $1,000.00 per month required by the dissolution decree. He has not been readily forthcoming in providing requested valuation information. Further, we note Edward was present in court for the injunction hearing and may have given visual clues of his intent. In any event, it is plain the trial court feared Edward may, in fact, dissipate part or all of the asset, thus depriving Kathleen of the possibility of relief in the event she proved her allegations of fraud. Not only was the trial court's reliance on the pleadings, motions, and discovery results proper, the evidence gleaned therefrom is sufficient to warrant the imposition of the preliminary injunction.

Pension Not Subject to Injunctive Relief?

█ Edward next claims his pension cannot be the subject of injunctive relief. He appears to suggest that because the dissolution decree was finalized in 1989, the decree's particulars are not subject to change, at least until Kathleen conclusively proves her allegation of fraud. For support, he cites *Selke v. Selke* (1992), Ind., 600 N.E.2d 100.

In *Selke*, the parties' dissolution decree awarded husband's pension to husband. Six months later, wife sought to set aside the property agreement because husband allegedly failed to inform her of the asset's full value. Our supreme court held there is no statutory duty to spontaneously dis- close asset value information, but that a duty to disclose might arise under the express terms of a property settlement agreement, by a request for discovery under the Indiana Trial Rules, or from "other unique circumstances[.]" *Id.* at 101.

Unlike the wife in *Selke*, Kathleen's primary claim is not that Edward failed to volunteer information regarding the pension's value; instead, Kathleen claims Edward deliberately *mis*represented the pension's value. The rule of *Selke*, therefore, is inapplicable to the allegations in this dispute. Were we to adopt Edward's position, that assets divided or received through property settlements cannot be subject to injunctive restriction until the decree is formally modified or set aside, one ex-spouse could defraud the other and then dissipate the assets—without fear of injunction—before the allegations of fraud could be proven at trial. Contrary to Edward's position, preliminary injunctions are particularly well-suited to preserve the status quo when allegations of deliberate misrepresentation arising from the division of marital property have been levelled. We find no error.

Security

█ Edward also argues the trial court erred by not requiring Kathleen to post security under T.R. 65(C), which requires the injunctive relief applicant to give security "in such sum as the trial court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained...."

"The fixing of the amount of the security bond is a discretionary function of the trial court and is reversible only for an abuse of that discretion." *Peters, supra,* 172 Ind. App. at 47, 359 N.E.2d at 561. When assessing the amount of security, the trial court should consider "not only the estimated damages offered by the parties but its own experience and knowledge." *Id.* If security is warranted, the failure to require it does not render the injunction void; instead, the normal course is to remand for determination of sufficient bond. *See Pickett v. Pelican Service Associates*

(1985), Ind.App., 481 N.E.2d 1113, 1119–20, *trans. denied.*

Here, the trial court declined to require security because Edward offered no evidence of any damage or harm that might arise if injunctive relief were granted. It specifically stated that "[b]ecause [Edward] made no allegations of and provided no evidence that he would incur or suffer any costs or damages if it were subsequently determined that he had been wrongfully enjoined or restrained, no security need be given by [Kathleen] for the issuance of this preliminary injunction." *Supplemental Record* at 45. Our reading of the hearing transcript confirms Edward did not contend he had suffered or would suffer harm on account of the preliminary injunction. We conclude that under the circumstances, the trial court did not abuse its discretion by refusing to require Kathleen to post security.

As a final matter, we observe that the preliminary injunction's specific wording is quite broad. Not only is Edward forbidden from using any of the pension money for himself, he is prohibited from disbursing the $1,000.00 monthly payments he owes Kathleen under the dissolution decree. Because neither party has argued the terms of the injunction are intolerably restrictive, we have no occasion to consider whether the injunction is overly broad.

The issuance of the preliminary injunction is affirmed.

Affirmed.

ROBERTSON and NAJAM, JJ., concur.