Heaton *et al. v.* Shanklin *et al.*

No. 13,439.

HEATON ET AL. *v.* SHANKLIN ET. AL.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.*—*Good Faith Presumed.*— Where a conveyance is assailed as fraudulent, good faith in the transaction is presumed, and such conveyance can not be impeached unless this presumption is overthrown.

SAME.—*Evidence.*—*Circumstances.*—*Inference.*—Such presumption may be overcome by circumstances, and the evidence is sufficient for that purpose if it supplies grounds for a legitimate inference.

From the Clinton Circuit Court.

*T. H. Palmer, W. F. Palmer* and *J. Claybaugh,* for appellants.

*S. H. Doyal, P. W. Gard* and *J. C. Suit,* for appellees.

ELLIOTT, J.—It is contended by the appellants' counsel that the evidence does not sustain the finding that the conveyances assailed by the appellees, as creditors of William C. Heaton, were fraudulent, because there is no proof of any corrupt intent. It is true, as counsel argue, that good faith is presumed, and that a conveyance can not be impeached unless this presumption is overthrown; but it is also true that the presumption may be overcome by circumstances, and that a voluntary conveyance may be declared fraudulent as to creditors, although there be no actual fraud. We think there is evidence in this case showing that the conveyances of William C. Heaton to his wife, Mary E. Heaton, were constructively fraudulent.

It is not necessary in any case that the evidence should be direct and positive; it is sufficient if it supplies grounds for a legitimate inference. *Indianapolis, etc., R. R. Co.* v. *Collingwood,*71 Ind. 476. The evidence in this record supplies ground for inferring that the claims of the creditors were impaired, as well as for inferring all the other conclusions essential to a recovery.

We agree with appellants' counsel that a husband, although in failing circumstances, may pay a debt due from him to his wife by conveying property to her; but we can not agree that the evidence is so clearly against the finding of the trial court that we must infer that it misapplied this rule.

We can not, of course, reject the evidence which the trial court deemed trustworthy, even though it is strongly contradicted.

Judgment affirmed.

Filed Oct. 10, 1888.