AIRCRAFT ACCEPTANCE CORPORATION *v.* JOLLY.

[No. 20, 458. Filed October 20, 1967. Rehearing denied November 30, 1967. Transfer denied February 8, 1968.]

*Harold E. Ford* and *Ted R. Todd,* both of Madison, for appellant.

*Cooper, Cooper, Cooper & Cox,* of Madison, for appellee.

COOPER, J.—This is an appeal by the Appellant from an adverse judgment in an action in replevin, wherein it sought to recover from the Appellee the possession of a Piper Tri-Pacer airplane.

After the proper issues were joined, the cause was submitted for trial to the Jefferson Circuit Court without a jury. The trial court found for the Appellee and against the Appellant.

After judgment was rendered and entered, the Appellant filed its motion for a new trial averring therein "that the decision of the Court is contrary to law." The court overruled the motion and this appeal followed. The assigned error for appeal is the overruling of the motion for a new trial.

In reviewing the record we find that facts in the cause are not particularly in dispute. The parties have stipulated the pertinent facts, and some oral testimony was also given. A condensed recital of the pertinent evidence is as follows.

On and prior to July 15, 1961, the Appellee, Lewis E. Jolly, was the owner of a 1959 Piper Tri-Pacer airplane, Serial No. 22-6909 and on the aforesaid date he delivered the aircraft and a form bill of sale which he had signed in blank, but had not acknowledged before a notary public, to one Ned Bottoms of Indianapolis, Indiana. The bill of sale was in the form prescribed by the Federal Aviation Agency as its form FAA-500 (Part C.) and no information was inserted in the prepared spaces except the Appellee's signature.

The aircraft was delivered to Bottoms under an agreement between Jolly and Bottoms, whereby Bottoms was to sell the plane for Jolly. Bottoms was unable to sell the plane, and on September 1, 1961, the Appellee flew the plane to Akron, Ohio, and placed it in the possession of Arthur C. Wamberg Aircraft Sales, Inc., a Corporation, hereinafter called Aircraft Sales, under a written agreement between Jolly and Aircraft Sales giving Aircraft Sales the right to sell the plane, from the period beginning September 1, 1961, to and including October 1, 1961, for the sum of $5,750.00.

At this time, September 1, 1961, the log books and other documents pertaining to the plane, including the signed form of bill of sale, were still in the possession of Bottoms. Bottoms later sent these papers to Wamberg Aircraft Sales, although Bottoms had no specific authority to deliver the signed form of bill of sale of Aircraft Sales.

It appears that thereafter on September 25, 1961, and without any authority from, or knowledge of the Appellee Jolly, someone connected with Aircraft Sales filled out the blank bill of sale showing Aircraft Sales as purchaser.

A certified copy of this bill of sale is in evidence and contains an acknowledgement purportedly executed by Arthur C. Wamberg, Notary Public, in which he stated that on September 25, 1961, Lewis E. Jolly appeared before him and acknowledged the execution of the bill of sale. The bill of sale was on September 25, 1961, exhibited to an officer of the plaintiff, Aircraft Acceptance Corporation in Columbus, Ohio, and at that time an officer of Aircraft Acceptance Corporation filled in over the signatue of Jolly and after the certificate of acknowledgment was executed, a statement that the aircraft was not "subject to any mortgage or other encumbrance except" a chattel mortgage for $6,470.40 dated September 25, 1961, in favor of Aircraft Acceptance Corporation, Columbus, Ohio.

The evidence shows that Jolly did not acknowledge the bill of sale before Arthur C. Wamberg. The bill of sale in so far as Arthur C. Wamberg Aircraft Sales, Inc., is concerned was fraudulent and the statement inserted by Aircraft Acceptance Corporation as to its chattel mortgage was an alteration.

In other words, the evidence reveals we have a case in which both Arthur C. Wamberg Aircraft Sales Inc., and the Appellant, without any authority whatsoever from the Appellee Jolly that we can find in the record, prepared a written instrument affecting his rights in the aircraft.

A note and mortgage, copies of which are in evidence, were executed on September 25, 1961, by Aircraft Sales to the plaintiff. It also appears from the evidence that the transaction between Aircraft Sales and the plaintiff had been under consideration by them for some ten days.

In passing, it may be said that we recognize that the note secured by the mortgage is a cognovit note outlawed by statute,

and in so far as certain of its provisions are concerned, it is illegal in Indiana.

The evidence reveals that Jolly was not advised of this transaction and continued to inquire of Aircraft Sales whether or not a purchaser had been found for the plane, but was unable to get any information. On April 19, 1962, Jolly received a check from Aircraft Sales for $3,000.00 as a down payment on the plane pursuant to a sale Aircraft Sales claimed to have made and was advised that the remainder of the selling price of $5,750.00 would be in the form of the purchaser's note. It appears that the check was negotiated by Jolly but the purchase's note was never received or accepted by Jolly.

Later, Jolly went to Akron, Ohio, took possession of the plane and brought it to Jefferson County, Indiana, where Aircraft Acceptance Corporation brought a replevin suit, and by posting bond in the replevin action, obtained possession of the aircraft.

The Appellant herein contends that it was unaware of any irregularities whatsoever and cited authority that a bona fide purchaser for value and without notice is not required to suffer the loss. We agree with, and find no fault with those cases cited, under the circumstances and law applicable thereto.

However, the trial court did not find the appellant to be an innocent, bona fide purchaser in its decision, and we, in reviewing the evidence in the record now before us, fail to find any evidence that the Appellant ever had more than a questionable chattel mortgage. The general rule applicable is well stated in C. J. S. (Property) Vol. 73, Sec. 17, at page 213, as follows:

> "Under general rules, one asserting a title has the burden of establishing it; and one claiming to own an equitable title has the burden of showing such ownership."

We find evidence upon which the trial court could have based a reasonable inference that the insertion by Aircraft Acceptance Corporation of its mortgage on the bill of sale was a material alteration, since it appears that the fraudulent bill of sale, note and mortgage were all executed on the same day, and not in the presence of the Appellee. This, coupled with the fact that the Appellant admitted its investigation revealed that the title to the airplane was in the Appellee free and clear of any encumbrance, could have caused the trial court to reasonably infer that the Appellant was not in court with clean hands and that the transaction grew out of a fraudulent collusion between the Appellant and the Wambergs.

In the case of *Lane et al.*, v. *Sparks* (1881), 75 Ind. 278, 280, our Supreme Court in discussing a replevin action made the following statement:

> "The Appellee could only recover upon the strength of his own title, and, if that grew out of a fraudulent collusion between him and his vendors, his action must fail."

In reviewing the evidence, we note that the Appellant in its complaint averred ownership of the airplane, but we fail to find any evidence of probative value establishing either general or special ownership in the Appellant.

The general rule in an action for replevin is that the plaintiff must have either a general or special ownership with a right to possession of the property sued for at the time the action is commenced, and he may recover only on the strength of his own title and not on the weakness of the defendant's title or right. I. L. E. Vol. 25, *Replevin*, Secs. 13 and 14, pp. 72-75, and authorities cited.

In the cause now before us, the evidence reveals the Appellee only gave to Wamberg the right to sell the airplane at a specified figure. There was no contract to sell the airplane to Wamberg Aircraft Sales, nor did the Appellee contemplate

a sale to that firm. Since no sale to Wamberg Aircraft Sales was proposed or contemplated, none was made.

The rule in such situations is well stated in C. J. S., Vol. 73, *Property*, Sec. 15, pp. 209-210, as follows:

> "Generally, no one can be divested of his property in invitum, where there is not a clear warrant of law therefor; and a third person cannot transfer title to the property without the knowledge or the consent of the owner. A purchaser of a chattel or of a chose in action acquires only such title as the seller had. Ordinarily, the owner of personal property cannot be divested of title without his consent; he can only be deprived of his property by his own voluntary act or by operation of law, since he can only part with his title by voluntary act or by conduct creating an estoppel. Further, as the tortious acquisition of personal property gives neither right nor title hereto, a tortious conversion of personal property does not deprive the true owner of his title; after a conversion of property, title remains in the owner until in some way he receives satisfaction for it. The possession of a property right acquired secretly or by false assertions or unknowingly surrendered by the owner does not deprive him of ownership."

As was heretofore stated, this cause was initiated in the trial court by Aircraft Acceptance Corporation filing a complaint for Replevin aginst Lewis E. Jolly and was submitted to the Court on a stipulation of facts between those two parties and some oral testimony.

The only issue presented to the trial court was which of the above named two parties was entitled to the possession of the aircraft. No other parties intervened and no other issues were presented. Consequently our review and this opinion is limited to the single issue which was before the trial court on the plaintiff's complaint, the stipulation of the parties and the oral testimony adduced at the trial.

Any other persons who may have considered themselves aggrieved by the transaction had remedies available to them. Whether these persons filed other actions, we do not know.

No such persons intervened in this cause and raised any issues in the trial court, and therefore no such persons or issues are before us for decision in this cause on appeal.

We have reviewed the evidence carefully. We find no error in the judgment of the trial court, and said judgment is, therefore, affirmed, with costs.

Carson, P. J., Faulconer, J. and Prime, J., concur.

NOTE.—Reported in 230 N. E. 2d 446.