UNITED STATES of America, Plaintiff–Appellee,

v.

Elmer L. DENLINGER, Myrle Denlinger, and Church of St. Matthew, Defendants–Appellants.

No. 91–3183.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1992.

Decided Dec. 29, 1992.

Rehearing and Rehearing En Banc Denied Feb. 9, 1993.

---

Clifford D. Johnson, Asst. U.S. Atty., South Bend, IN, Gary R. Allen, Murray S. Horwitz (argued), Kenneth L. Greene, Dept. of Justice, Tax Div., Appellate Section, DC, for U.S.

James L. McCaslin, Elkhart, IN, Timothy D. Wantland (argued), Hough, Koveus & Wantland, Tulsa, OK, for Elmer L. Denlinger and Myrle Denlinger.

James L. McCaslin, Elkhart, IN, Timothy D. Wantland, Hough, Koveus & Wantland, Tulsa, OK, James A. Masters, Nemeth, Masters & Leone, South Bend, IN, for Church of St. Matthew.

Before CUMMINGS and MANION, Circuit Judges, and ZAGEL, District Judge.[1]

ZAGEL, District Judge.

Elmer L. Denlinger, a chiropractor, filed (in 1977) a tax return for the year 1975 and wrote in only his name, occupation, filing status (married, filing separately) and the names of dependents. He objected to giving any other information. He listed neither income nor tax due for 1975. The record does not disclose any return filed for 1976, 1977, 1978 or 1979. Denlinger evidently paid no income tax from 1975 through 1979. The Internal Revenue Service ("I.R.S.") asserted deficiencies for those years. Denlinger sought review in the Tax Court, but failed to appear for the trial. The Tax Court upheld the deficiencies, and the I.R.S. assessed taxes, penalties and interest. On October 30, 1987, the

---

for medical assistance, and thus never crossed the threshold of COBRA liability.

1. The Honorable James B. Zagel, District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

I.R.S. filed notices of federal tax liens against Elmer Denlinger's home and land in Elkhart, Indiana.

The United States went to court to reduce the assessments to judgment and to foreclose the liens. To foreclose, the district court had to set aside a transfer of property. The district court granted this relief and did so on summary judgment. We review its decision *de novo*. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992).

The property came to Denlinger by quitclaim deed from his mother. Although he was married to Myrle Denlinger at the time of transfer, his wife's name was not included on the deed. Nonetheless, the Denlingers lived on the property, paying real estate taxes and utility bills. On March 9, 1976, Elmer Denlinger transferred the property to the Life Science Church which was located on the property. The transfer was made absent consideration. After a while, the church changed its name to the White Light Church of Jesus the Christ. Then after some more time, that church transferred the property to the Church of St. Matthew on December 27, 1983. Despite these transfers, the Denlingers continued to live on the property, paying the bills and the real estate taxes attributable to this property. Through all of this time, Elmer Denlinger owed federal income taxes, a proposition he did not challenge in district court.

■ The property was subjected to one other form of transfer. This tax case was filed in 1986 and effectively lost by the Denlingers and the Church of St. Matthew when the district court granted summary judgment on July 27, 1990. Some months later, Elmer and Myrle Denlinger divorced. The state court divorce decree, entered by agreement of both Denlingers, awarded the property to Myrle Denlinger. Supposedly, only Myrle Denlinger continued to reside on the property after the divorce. Yet the record does not disclose that Elmer Denlinger ever changed his residence. On June 7, 1991, when the district court granted final judgment to the United States, it noted, quite correctly, that the divorce decree "does not alter the impact of the federal tax lien on that real estate or the court's ... determination with respect to foreclosure." On the day of transfer the lien and the right to foreclose accompany the property exactly as does the earth within its boundaries. And the lien has priority. *J.D. Court, Inc. v. United States*, 712 F.2d 258, 260–61 (7th Cir.1983).

Elmer Denlinger does not fight the judgments based on the I.R.S. assessments, but Myrle Denlinger and the Church of St. Matthew are fighting the foreclosure here, as they did below. Judge Miller found that Myrle Denlinger had no interest in the property and that the transfers to the Church were fraudulent. He was right to do so, and we affirm.

■ The basic rules are simple. State law determines what interest, if any, a taxpayer has in property. *Aquilino v. United States*, 363 U.S. 509, 513, 80 S.Ct. 1277, 1280, 4 L.Ed.2d 1365 (1960). Tax liens are effective against every interest in property accorded a taxpayer by state law. *United States v. National Bank of Commerce*, 472 U.S. 713, 719–21, 105 S.Ct. 2919, 2923–25, 86 L.Ed.2d 565 (1985). A court may require sale of a property to enforce a lien. *United States v. Rodgers*, 461 U.S. 677, 682–83, 103 S.Ct. 2132, 2136–37, 76 L.Ed.2d 236 (1983).

■ Myrle Denlinger argues that she has an interest in the property. Whatever interest she has diminishes the interest that Elmer Denlinger (or the Church) would have. Her claim always lacked promise because her name never appears in the record of title and Indiana courts regard record title as the highest evidence of ownership, not easily defeated. *Knightstown Lake Property Owners Assoc., Inc. v. Big Blue River Conservancy Dist.*, 383 N.E.2d 361, 366 (Ind.Ct.App.1978). This is the rule everywhere in America. Rufford G. Patton, *American Law of Property* § 17.34 (A. James Casner ed., 1952 & Supp. 1977). A non-record claim of title, i.e., a claim of equitable title, must be proved by the person asserting it. *Aircraft Acceptance Corp. v. Jolly*, 141 Ind.App. 515, 230 N.E.2d 446, 518 (1967). At one time Myrle

Denlinger did not think she had any interest in the property. At deposition she said:

Q. Did you file a vow of poverty also:

A. No. Because I own nothing anyway.

Q. You had no property of your own?

A. I have nothing. Well, the car's in my name now.

She obviously attached a great deal of significance to ownership of record—she equated having her name on the title with having an ownership interest in the property. By her own testimony, Myrle Denlinger defeats any argument that she *believed* she had an interest in the property.

■ Her views, though, do not control the matter. Many people have interests in property when they think they do not, and it is often the Internal Revenue Service that first informs them of this fact. Whatever interest she has can arise only from the facts that (1) Elmer Denlinger acquired and owned the property while they were married and (2) she and her husband always resided on the property. The two facts are too little. Indiana recognizes tenancy by the entirety but only where, unlike here, the deed conveys to both husband and wife. *Citizens Nat'l Bank of Whitley County v. Stasell*, 408 N.E.2d 587, 592 (Ind.Ct.App.1980), *reh'g denied*, 415 N.E.2d 150 (Ind.Ct.App.1980). The rule is not new. *Chandler v. Cheney*, 37 Ind. 391, 394–95 (1871). Dower would work for Myrle Denlinger, but the Indiana Legislature abolished dower and curtesy. Ind.Code Ann. § 29–1–2–11 (Burns 1989). Furthermore, an Indiana statute allows a husband to convey property he owns in his own name without the consent or signature of his wife—an act which extinguishes any right the wife may have in the property by virtue of marriage. Ind.Code Ann. § 29–1–2–3.1 (Burns 1989). Here, Elmer Denlinger did make such a conveyance. Consequently, without dower, there is no way Myrle Denlinger can establish any interest in the property. And, in Indiana, she is without dower.

■ The Church of St. Matthew claims record title and the full interest in the property. Under Indiana law, this interest can be defeated if the property was conveyed "with the intent to hinder, delay or defraud creditors or other persons of their lawful ... debts," in which case, the conveyance "shall be void as to the persons sought to be defrauded." Ind.Code Ann. § 32–2–1–14 (Burns 1989). Of course, there is no evidence and no claim that the church conveyance was intended to defraud Myrle Denlinger, so it is not voidable as to her.

■ The issue still remains, however, whether the conveyance to the Church was intended to defraud the government, so that it is voidable as to the I.R.S. Proof of fraudulent intent need not be made by direct evidence under Indiana law. *Nader v. Commissioner*, 323 F.2d 139, 140–41 (7th Cir.1963); *Heaton v. Shanklin*, 115 Ind. 595, 18 N.E. 172, 172 (1888). Indiana courts have regarded certain actions as badges of fraud and the concurrence of several of them as a critical circumstance. One badge of fraud is the transfer of property when a suit is pending or expected. *Arnold v. Dirrim*, 398 N.E.2d 442, 446–47 (Ind.Ct.App.1979). Another is a transfer which renders the debtor insolvent or greatly diminishes his estate. *Jackson v. Russell*, 533 N.E.2d 153, 155 (Ind.Ct.App. 1989), *cert. denied*, 494 U.S. 1004, 110 S.Ct. 1297, 108 L.Ed.2d 474 (1990). So, too, is a transfer where the transferor retains the benefit and control of the property, as well as a transfer for little or no consideration. *Jackson v. Farmers State Bank*, 481 N.E.2d 395, 406 (Ind.Ct.App.1985); *Arnold*, 398 N.E.2d at 447; *Russell*, 533 N.E.2d at 155. The concurrence of such badges is said to "create ... an overwhelming presumption of fraud" or to "raise ... a strong inference of fraudulent intent." *Arnold*, 398 N.E.2d at 446–47; *Jackson*, 481 N.E.2d at 406.

Each of these badges is pinned to the conveyance that Judge Miller found fraudulent. The transfer to the Life Science Church was made near the time that the 1975 tax and the 1975 tax return were due, a return which when filed must have been known by Elmer Denlinger to be an invitation to legal action by the I.R.S. There

was no consideration for the conveyance. He lived on the property, never leaving it. His control is further shown by the fact that when the Life Science Church changed its name to the White Light Church of Jesus the Christ, it was Elmer Denlinger who filed an affidavit to secure the change of title. Elmer Denlinger admitted that during 1975 and 1976 he transferred essentially all of his property and right to property to others, emptying his estate. On this record, Judge Miller found that no "reasonable trier of fact could infer that Mr. Denlinger's intention was anything other than fraudulent," that he intended "to defraud creditors by the transfer of the Lake Property" and that "no evidence ... would support a contrary inference."

In fact, no innocent explanation for any of these badges of fraud is offered. Where all circumstantial evidence points to fraudulent intent, at least some of it has to be explained away. Neither summary judgment nor directed verdict can be avoided by simply saying, "nevertheless, it is not so." The Denlingers apparently are asking this Court, as they did the district court, to eschew summary judgment simply because motive and intent are material. We cannot. *Rush*, 966 F.2d at 1109. Indeed, the opposite outcome is warranted. Because the Denlingers "fail[ ] to indicate any motive or intent to support [their] position" of innocent conveyance, *McMillian v. Svetanoff*, 878 F.2d 186, 188 (7th Cir.1989), the judgment is

AFFIRMED.[2]

**2.** There is a question of substitution of parties. On September 23, 1991, Elmer Denlinger died of gunshot wounds. At oral argument, we were told that the president of the Life Science Church, now the White Light Church of Jesus the Christ, had been charged with a crime in connection with this death. Myrle Denlinger seeks to substitute herself for her divorced husband. She could do so as his personal representative or heir. We ordered that she and the five children of Elmer Denlinger identify the parties in interest to Elmer's estate by December 20, 1991. Only Myrle Denlinger responded, and her response is nothing more than a reassertion of arguments of her superior interest already rejected on appeal. Myrle Denlinger has presented no facts to show that she is either an heir under a will or a personal representative by appointment. Accordingly, we deny her motion to substitute parties.