89 F.3d 839
 78 A.F.T.R.2d 96-5199, 96-2 USTC P 50,380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley J. DENLINGER, as Administrator of the Estate of
Elmer Denlinger, Deceased, Defendant-Appellant.
 No. 95-1923.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1996.*
Decided June 17, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 This appeal concerns the proper title to two parcels of real property that the late Elmer Denlinger ("Elmer") donated to his church twenty years ago. The government successfully argued below that the conveyances were fraudulent with respect to the United States, in that Elmer executed the transfers to prevent the government from subjecting the properties to tax liens for his unpaid federal income taxes. Stanley Jacob Denlinger ("Denlinger"), Elmer's son and the administrator of his estate, appeals the district court's grant of summary judgment in favor of the United States.
 
 
 2
 The following procedural and factual history is drawn from the record in this case and our opinion in the related appeal of Denlinger v. United States, 982 F.2d 233 (7th Cir.1992) ("Denlinger I "), cert. denied, 114 S.Ct. 171 (1993). In 1976 Elmer transferred three parcels of land to the Life Science Church without monetary consideration: the "Lake Property," on which he and his wife Myrle lived; "Property A," the site of Elmer's chiropractic clinic; and "Property B," a rental property. In Denlinger I the government successfully sought to reduce to judgment substantial federal income taxes assessed against Elmer in 1986 for the tax years 1975 to 1979. The district court also determined that Elmer's transfer of the Lake Property was fraudulent and voidable as to the government, permitting the government to foreclose a tax lien against it. See Ind.Code § 32-2-1-14 (West 1990) (Indiana fraudulent conveyance statute) (repealed in 1994).[1] By this time, the title to the Lake Property had again changed hands: the Life Science Church, renamed the White Light Church of Jesus the Christ, transferred the property in 1983 to the Church of St. Matthew, now the Christian Church of St. Matthew of South Bend ("St. Matthew"). Further complicating matters, a 1991 state divorce decree granted to Elmer and Myrle purported to award the Lake Property, as well as all of the couple's other real or personal property, to Myrle. Myrle and the Church appealed, Myrle claiming that she had a continuing interest in the land and St. Matthew disputing whether Elmer's transfer was fraudulent. We affirmed. Denlinger I, 982 F.2d at 237.
 
 
 3
 In the present suit, commenced in 1993, the government brought a similar fraudulent conveyance action to foreclose tax liens against Property A and Property B. The district court held that these properties were fraudulently conveyed, basing its reasoning largely on the factual similarity of the circumstances of the conveyances to those of the fraudulent conveyance of the Lake Property. The court rejected the defendants' claim that the fraudulent conveyance action was time-barred by the Indiana statute of limitations, holding that the only relevant limitations period was that of 26 U.S.C. § 6502, which provides that suit for tax debt collection must be brought within ten years of assessment.[2] The district court entered final judgment on March 23, 1995, and denied Denlinger's motion for reconsideration on April 6. This timely appeal followed.
 
 
 4
 Denlinger, as administrator of Elmer's estate[3] and the sole party to this appeal, raises numerous challenges to the decision below, including that the fraudulent conveyance action should have been subject to the state statute of limitations or barred by laches; that the district court erred in granting summary judgment and improperly relied on issues decided in Denlinger I to decide the present case; that the factual similarities of Denlinger I demonstrate that the present suit is precluded by res judicata because the government could have joined the same claims in the earlier suit; and that Myrle Denlinger is entitled to a portion of the properties through dower. Denlinger also asks that we certify a state law question on dower to the Indiana Supreme Court.
 
 
 5
 Before examining Denlinger's challenges on the merits, we must first question his standing to bring them. "The United States Constitution restricts the jurisdiction of the federal courts to actual controversies in which the litigants have a personal stake." In re FedPak Systems, Inc., 80 F.3d 207, 211 (7th Cir.1996). Among others, "injury in fact" is an essential element of the "irreducible constitutional minimum of standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Neither St. Matthew nor Myrle Denlinger has joined in this appeal, and Denlinger can not have standing to raise claims on their behalf without first establishing injury-in-fact. Shanahan v. City of Chicago, 82 F.3d 776, 780 (7th Cir.1996) (citing Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 623-24 n. 3 (1989)). Moreover, Denlinger's asserted desire to uphold Indiana law, to defend the principle of state sovereignty under the Tenth Amendment, and to keep the IRS honest in its collection actions, as generalized ideological grievances, fail to establish injury-in-fact. Lujan, 504 U.S. at 571-78.
 
 
 6
 Denlinger does not dispute the validity of the tax assessment against Elmer as established in Denlinger I. Denlinger does not allege that the estate has any legal or equitable interest in the properties, and advances no claim on behalf of the estate for the residual value, if any, that may survive foreclosure. See Ind.Code § 29-1-13-4 (for the benefit of creditors, administrator may recover assets fraudulently conveyed by decedent); cf. Scholes v. Lehmann, 56 F.3d 750, 753-55 (7th Cir.), cert. denied, 116 S.Ct. 673 (1995) (discussing standing in fraudulent conveyance action). Quite the opposite, he seeks to prove that Elmer successfully divested himself of his entire interest. No damages or other relief are sought against the estate in this action. The government did not ask the court to set aside the conveyances, but rather to find that the conveyances were fraudulent with respect to the United States, thus establishing its equitable interest in the properties. Similarly, Denlinger's claim on behalf of Myrle Denlinger that either dower or the dissolution decree entitles her to a share of the transferred properties is misplaced because of the estate's lack of a stake in the outcome.
 
 
 7
 For lack of standing, Denlinger's appeal must be DISMISSED, and his motion for certification of a question of state law to the Indiana Supreme Court DENIED as moot.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant filed a statement requesting oral argument. Upon consideration of the statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 In 1994 the Indiana legislature repealed the fraudulent conveyances provisions found in Ind.Code § 32-2-1-14 and elsewhere, replacing them with the non-retroactive Indiana Uniform Fraudulent Transfer Act, 1994 Ind.Acts 144, codified at Ind.Code §§ 32-2-7-1 to -21
 
 
 [2]
 In 1990 Congress increased the section 6502 limitation period from six to ten years, see Pub.L. 101-508, § 11317(a). The statute provided that the new period would apply only to claims not time-barred on the effective date of November 5, 1990. Id., § 11317(c); 26 U.S.C. § 6502 note (effective dates); United States v. Wright, 57 F.3d 561, 562 (7th Cir.1995). Because collection on the 1986 assessment and judgment against Elmer was not time-barred in 1990, the statute permitted the government until 1996 to bring a proceeding to collect
 
 
 [3]
 Elmer was murdered in 1991 by two members of his church. See Brennan v. Indiana, 639 N.E.2d 649 (Ind.1994)