114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pearl AROBINE, Defendant-Appellant.
 No. 96-1545.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided May 6, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 On January 5, 1971, the United States purchased in fee simple a tract of land in Indiana which was to be included as part of the Indiana Dunes National Lakeshore. The warranty deed conveying the land to the United States contained a reservation of use (ROU) granting the seller the right to continue using the property for fifteen years from the date of purchase. It also charged the holder of the reserved interest with the obligation of paying real estate taxes and maintaining the land. In July 1983 the ROU was extended for an additional nine years to January 1995. In March 1988 an assignee of the remainder of the ROU quitclaimed her interest in the property to Pearl Arobine. When Ms. Arobine failed to vacate the property after being notified five times that her reserved interest expired on January 5, 1995, the government filed a complaint for possession of the property. Ms. Arobine filed an answer and counterclaim alleging that the United States had breached its contract and had been negligent in not disclosing a contaminated well on the property. She also alleged that she was the rightful owner of the property because she had paid taxes on the property and that, under 16 U.S.C. § 460u-5, she was entitled to an extension of the reserved interest until 2010. The district court granted the government's motion for summary judgment ordering that sole and immediate possession belonged to the United States and denying Ms. Arobine's counterclaims. Ms. Arobine appeals.
 
 
 2
 This court reviews the grant of a motion for summary judgment de novo. Sybron Transition Corp. v. Security Ins. Co. of Hartford, 107 F.3d 1250, 1255 (7th Cir.1997). Summary judgment is appropriate if the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 3
 The government has demonstrated that it acquired the subject tract of property on January 5, 1971, for $45,280.00 by warranty deed. Through three subsequent conveyances by quitclaim deed, Ms. Arobine obtained ultimate possession of the ROU in March 1988 subject to its expiration in January 1995. The quitclaim deed specifically stated that the interest she was receiving was a "reservation to use this property in the Indiana Dunes National Lakeshore, ..., which reservation to use will expire on January 4, 1995."[1] Ms. Arobine has failed to put forth any evidence that the district court's grant of summary judgment placing sole ownership and possession of the property in the government was in error. Sybron, 107 F.3d at 1255. Ms. Arobine's own self-serving statements are nonresponsive and are insufficient to preclude summary judgment. Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir.1995). Viewing the evidence in a light most favorable to Ms. Arobine, we conclude that a reasonable jury could not find in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986).
 
 
 4
 The district court also properly denied Ms. Arobine's counterclaim. Although alleging breach of contract and negligence, Ms. Arobine has provided no evidence of any contract with the United States. Nor has she offered any authority indicating that the United States owed her a duty based on a contract between herself and the seller of the ROU.
 
 
 5
 In addition, Ms. Arobine offered no authority in support of her claims that she is entitled to retain possession as the taxpayer and holder of a title insurance policy. In any case, both of these arguments lack merit. Finally, Ms. Arobine's citations to various state and federal statutes are inapplicable and provide no relief.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 At the time she was conveyed the interest in the ROU, Ms. Arobine obtained a title insurance policy which states in detail that it insures only an interest in the use and occupancy reservation and that the policy did not insure against loss or damage by reason of the United States' right, title, and interest as fee simple title holder in the real estate. Indiana courts regard record title as the highest evidence of ownership, not easily defeated. United States v. Denlinger, 982 F.2d 233, 235 (7th Cir.1992)