In re **WHITE TRAILER CORPORATION, f/k/a Monon Corporation, and White Trailer, Inc., f/k/a Mono Trailer, Inc., Debtors.**

**Daniel L. FREELAND, Trustee, and Rosby Corporation, Plaintiffs,**

v.

**HPA ASSET, L.L.C. and Congress Financial Corporation (Central), Defendants.**

Bankruptcy No. 96–40623.
Adversary No. 98–4005.

United States Bankruptcy Court,
N.D. Indiana,
Fort Wayne Division.

June 19, 1998.

Robert Nicholson, Fort Wayne, IN, for Daniel Freeland.

Jerald Ancel, Indianapolis, IN, for Rosby Corporation.

Michael Hile, Indianapolis, IN, John Anderson, Chicago, IL, for HPA Asset, L.L.C.

## DECISION

ROBERT E. GRANT, Bankruptcy Judge.

By this adversary proceeding, the Chapter 7 trustee and Rosby Corporation ("Rosby"), debtors' parent corporation, seek a declaration that certain patents, in particular, U.S. Patent No. 5,112,099 ("Patent 099"), were not transferred to HPA Asset, L.L.C. ("HPA"), when HPA purchased substantially all of the debtors' assets from the estate. The complaint also alleges that HPA is in breach of a patent licensing agreement between Rosby and HPA, due to its failure to pay Rosby the royalties required by that agreement. In addition to the declaratory relief, Plaintiffs seek damages and an order enjoining HPA from using the patents unless HPA remits payment for their use. Jurisdiction is based upon 28 U.S.C. § 1334(b).

■ The matter is before the court on HPA's motion to dismiss for lack of subject matter jurisdiction[1] and the trustee's objection thereto.[2] HPA contends that the bankruptcy court lacks jurisdiction over what is essentially a dispute between two non-debtor parties over property that may never have been and is not now property of the estate. HPA further contends that the trustee lacks standing to litigate the issue.

■ The scope of the jurisdiction exercised by a bankruptcy court is defined by 28 U.S.C. § 1334. In addition to having jurisdiction over the bankruptcy case itself, 28 U.S.C. § 1334(a), the court also has jurisdiction over "all civil proceedings ... related to cases under title 11." 28 U.S.C. § 1334(b). As interpreted by the Seventh Circuit, this language grants federal courts subject matter jurisdiction over matters whose "resolution 'affects the amount of property available for distribution [i.e., the debtor's estate] or the allocation of property among creditors.'"

*Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir.1989) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)). *See also Matter of FedPak Systems, Inc.*, 80 F.3d 207 (7th Cir.1996); *Zerand–Bernal Group, Inc. v. Cox*, 23 F.3d 159 (7th Cir.1994).

This case presents facts nearly identical to *Matter of FedPak Systems, Inc.*, 80 F.3d 207 (7th Cir.1996). There, the debtor sought an order of clarification from the bankruptcy court, concerning the relative rights of a licensee/creditor and the entity that had purchased all of the debtor's intellectual property rights to a frozen dessert machine, subject to the rights of the licensee. The bankruptcy court decided the matter and issued an order, which was vacated by the district court on the grounds that the debtor lacked standing.

The Seventh Circuit affirmed, concluding that not only did the debtor lack standing to bring the action, but also that the proceeding itself was outside the scope of the bankruptcy court's jurisdiction under § 1334(b). The court concluded that an order clarifying the respective rights of the licensee and the debtor's purchaser would not affect the property available for distribution or the allocation of property among creditors. Thus, the dispute was not "related to" a bankruptcy case, under the Seventh Circuit's definition of the term. 80 F.3d at 214. The property in question was no longer property of the estate and the court's jurisdiction to resolve competing claims to it lapsed once it was sold to a third party. *Id.*

As in *FedPak*, the present dispute also concerns competing claims to intellectual property. The trustee argues, however, that resolution of this dispute will affect the amount of property available for distribution. To understand how, a brief explanation of two other agreements—a Licensing Agreement, between Rosby and HPA, and a Compromise Agreement, between Rosby, the

---

1. In the alternative, HPA has also sought withdrawal of the reference. That request must be determined by the district judge, while the bankruptcy judge may decide the motion to dismiss. As a result, this court indicated that it would defer transmitting the motion to withdraw reference to the district court until it had ruled on the issue of subject matter jurisdiction.

2. Rosby did not respond to the motion.

debtors, Congress Financial Corporation and the Unsecured Creditors Committee—is necessary.

There seems to have been a long running dispute between the debtors, Rosby and HPA over who owned the rights (if any) to the patents in question. This dispute is the genesis of the two other agreements, which were entered into around the same time as the Purchase Agreement. Under the terms of the Licensing Agreement, Rosby granted HPA a non-exclusive license to use certain patents held in Rosby's name and used in the debtors' business, in exchange for the right to receive royalties. (*See* Ex. 5). The trustee is not a party to this agreement and it was not (nor did it need to be) approved by the bankruptcy court. The Compromise Agreement was entered into for the purpose of resolving claims between the debtors and certain creditors and to allocate the proceeds from the sale of debtors' assets. Under the terms of this agreement, the estate is entitled to receive a percentage of any patent revenue Rosby receives from HPA as a result of the Licensing Agreement. (*See* Ex. 3, § 7). HPA was not a party to the compromise and has no obligations under it. The bankruptcy court approved both the Purchase Agreement and the Compromise Agreement on March 20, 1997.

The trustee argues that resolution of whether the patents were transferred to HPA impacts whether and to what extent Rosby is entitled to receive royalties from HPA under the Licensing Agreement. This, in turn, impacts whether and to what extent the estate may be entitled to a share of those royalties under the Compromise Agreement. In this roundabout way, resolution of the dispute could ultimately have some effect on the estate. Therefore, the matter is "related to [a] case [ ] under title 11" and the court has jurisdiction.

■ The court recognizes that an indirect effect upon the estate might be sufficient to confer jurisdiction under the interpretation of § 1334(b)'s "related to" jurisdiction adopted by many circuits. That sweeping standard requires only that the outcome of the proceeding "could conceivably have any effect" upon the bankruptcy estate. *See Pa-*

cor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd Cir.1984); *In re G.S.F. Corp.,* 938 F.2d 1467, 1475 (1st Cir.1991); *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1002 n. 11 (4th Cir.1986); *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 583–84 (6th Cir.1990); *In re Dogpatch U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir.1987); *In re Fietz,* 852 F.2d 455, 457 (9th Cir.1988); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990); *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 (11th Cir.1990). Nonetheless, the Seventh Circuit has adopted a more limited approach to bankruptcy jurisdiction and has repeatedly emphasized that the bankruptcy court should interpret its jurisdiction narrowly. *Zerand–Bernal,* 23 F.3d at 161; *Home Ins. Co.,* 889 F.2d at 749. *See also In re Salem Mills, Inc.,* 148 B.R. 505, 507 (Bankr.N.D.Ill.1992). It does so "not only out of respect for Article III but also to preserve the jurisdiction of state courts ...", *Home Ins. Co.,* 889 F.2d at 749, "lest bankruptcy courts displace state courts for large categories of disputes in which some party ... may be bankrupt." *Matter of Kubly,* 818 F.2d 643, 645 (7th Cir.1987).

■ "[C]ommon sense cautions against an open-ended interpretation of the 'related to' statutory language 'in a universe where everything is related to everything else.'" *FedPak,* 80 F.3d at 214. Thus, simply because a dispute may have some type of nexus to a bankruptcy proceeding is not enough to give the court "related to" jurisdiction over it. *Home Ins. Co.,* 889 F.2d at 749; *Kubly,* 818 F.2d at 645. That jurisdiction requires a *direct* effect upon either the assets of the estate or their distribution to creditors. "Overlap between the bankrupt's affairs and another dispute is insufficient...." *Home Ins. Co.,* 889 F.2d at 749.

This adversary proceeding essentially presents two discrete disputes which should be analyzed separately to determine if they are related to a case under title 11. Neither of them has the direct impact necessary to support subject matter jurisdiction.

■ The first dispute is between Rosby and HPA under the Licensing Agreement.

The estate is not a party to that agreement and the litigation will determine only whether HPA is obligated to pay Rosby royalties for the patents in question. The court recognizes that, because of the Compromise Agreement, the estate is entitled to a portion of whatever royalties Rosby might receive and, therefore, it is interested in the outcome of the litigation. That interest, however, is little different from the interest any creditor has in the financial condition of its debtors. It is not a legally cognizable stake in the outcome which would permit the estate to litigate the issue in its own right. *See Fed-Pak*, 80 F.3d at 211–13. *See also Matter of Deist Forest Products, Inc.*, 850 F.2d 340, 341 (7th Cir.1988) (debtor's desire to litigate the rights of third parties does not permit the court to adjudicate the matter). Rosby could not litigate its dispute with HPA in this court[3] and neither could the trustee. Joining forces and trying to do so together does nothing to improve the situation. Any effect that resolution of the dispute may have upon the bankruptcy estate is only indirect and the court has no jurisdiction over it.

■ The second dispute involves the issue of whether HPA acquired the patents when it purchased substantially all of the assets of the bankruptcy estate. The trustee has asked the court to declare that it did not—that the patents were not transferred to HPA under the Purchase Agreement. On a visceral level, this would initially seem to present a dispute having a direct impact upon the bankruptcy estate—if the estate did not transfer the patents, they must still be part of it. Yet, nowhere, amidst all of the trustee's carefully worded pleadings and arguments, does he ever contend that the patents are property of the estate—only that they were *not transferred* to HPA. Saying only this will not affect the bankruptcy estate. The court might just as well declare that the HPA did not acquire the Brooklyn Bridge for all the good it would do debtors' creditors. This dispute would only have a direct impact upon the estate if the trustee

wanted to claim that the patents constitute property of the estate. He does not. Rather than litigating the estate's interest in the patents, he seeks only to litigate HPA's. *Cf. Tucker v. Capital City Riggers*, 437 N.E.2d 1048 (Ind.App.1982); *Aircraft Acceptance Corp.*, 141 Ind.App. 515, 230 N.E.2d 446, 449 (1967) (one who seeks to recover property must prevail on the strength of his own title and not on the weakness of that of his adversary). That is not an issue over which this court has jurisdiction.

Only an overlap between debtors' affairs and another dispute would support the bankruptcy court's subject matter jurisdiction in this case. That is not enough. This adversary proceeding will be dismissed. An order doing so will be entered.

---

**3.** No one suggests that there is any basis for jurisdiction over the Rosby/HPA dispute but for the trustee's presence as a party to the litigation. Nonetheless, that is not enough to give the bankruptcy court jurisdiction. "[I]t is the relation of dispute to estate, and not of party to estate, that establishes jurisdiction." *Xonics*, 813 F.2d at

131. *See also In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1182 (3rd Cir.1996) ("Not every suit, regardless of how tenuous its connection to the estate, automatically confers jurisdiction, simply because the trustee is named as a party.").